*STATE OF OHIO v. MUTUAL LIFE INS. CO. OF NEW YORK.

INSURANCE PREMIUMS PAID BY MAIL ARE TAXABLE.

A petition in an action against an insurance company brought by the state to collect taxes on premiums paid in Ohio which alleges that such premiums "were paid to it (company) in the state of Ohio by policy holders by depositing the same within the mails in the state of Ohio at its request and addressed to it at its home office in the city of New York, and which premiums were carried by the mails to the said home office of said company," states a cause of action under Gen. Code 5432 (R. S. 2745).

[Syllabus approved by the court.]

ERROR to Franklin common pleas court.

**U. G. Denman, Atty. Gen.,** and **J. M. Sheets,** for plaintiff in error:

Cited and commented upon the following authorities: *Mutual Life Ins. Co.* v. *State,* 79 Ohio St. 305 [87 N. E. Rep. 259]; 1 Beach, Contracts Sec. 59; 1 Addison, Contracts Sec. 22; 1 Parsons, Contracts (9 ed.) p. 483; *Maclay* v. *Harvey,* 90 Ill. 525 [32 Am. Rep. 35]; 2 Kents, Commentaries p. 447; *Johnson* v. *Sharp,* 31 Ohio St. 611 [27 Am. Rep. 529]; 22 Am. & Eng. Enc. Law 1057; *United States* v. *Jackson,* 29 Fed. Rep. 503; *United States* v. *Jones,* 31 Fed. Rep. 725; *Taylor* v. *Insurance Co.* 50 U. S. (9 How.) 390 [13 L. Ed. 186]; *Palm* v. *Insurance Co.* 20 Ohio 529; *Commonwealth* v. *Wood,* 142 Mass. 459 [8 N. E. Rep. 432]; *Commonwealth* v. *Taylor,* 105 Mass. 172; *Burton* v. *United States,* 202 U. S. 344 [26 Sup. Ct. Rep. 688; 50 L. Ed. 1057]; *McDonald* v. *Bank,* 174 U. S. 610 [19 Sup. Ct. Rep. 787; 43 L. Ed. 1106]; *Kennedy* v. *Kennedy Corp.* 32 Misc. 480 [66 N. Y. Supp. 225]; *Primeau* v. *Life Association,* 77 Hun. 418 [28 N. Y. Supp. 794]; *McCluskey* v. *Life Association,* 77 Hun. 556 [28 N. Y. Supp. 931]; *Patrick* v. *Bowman,* 149 U. S. 411 [13 Sup. Ct. Rep. 811; 37 L. Ed. 790].

**Arnold, Morton & Irvine,** for defendant in error.

## ALLREAD, J.

This action was brought in the court of common pleas to recover an amount charged as taxes upon premiums sent by policy holders in Ohio through the mails to the home office of the company at New York

*Reversed, *Mutual Life Ins. Co.* v. *State,* no op., 83 O. S. 000; 55 Bull. 404.

Carmack v. State.

City. The Supreme Court, passing upon a demurrer to the original petition, held that the insurance company was not liable. An amended petition was filed and a demurrer thereto sustained in the court of common pleas. The ruling and judgment of that court is now brought here for review. The original petition reviewed by the Supreme Court contained the allegation that the premiums sought to be taxed were "received by it at its home office in the city of New York directly from policy holders, residents of the state of Ohio, and not paid to any agent of the company in the state of Ohio."

The amended petition, upon which the case now stands, sets forth that the premiums sought to be taxed are those "which were paid to it in the state of Ohio by policy holders by depositing the same within the mails in the state of Ohio at its request and addressed to it at its home office in the city of New York, and which premiums were carried by the mails to the said home office of said company."

Counsel for the state contend, and in our opinion, correctly, that the case now made in the amended petition brings it within the purview of Gen. Code 5432 (R. S. 2745), authorizing the tax assessment.

When the premium money is deposited by request of the insurance company in the mails in this state under proper address, the payment is complete. The money becomes *eo instante* the property of the insurance company. The risk of transportation is on the company and the money cannot be attached as the property of the policy holder, nor reclaimed by him. The rule of the postal department does not affect property rights. The same legal effect as to the transfer of ownership of the money would arise if it had been sent by messenger or other means of conveyance. The change of property is complete when the money is delivered pursuant to request.

We note the effect given in the opinion of Summers, J., when the case was before the Supreme Court as to the effect of the amendment of 1902, and the statement that the basis of taxation was not thereby changed. But we do not deduce therefrom that under either the original or amended act those premiums were entitled to escape taxation if actually paid in the state to an informal or special agency. It is not a fair deduction from the language and scope of Gen. Code 5432, to say that only premiums paid to licensed or formally constituted agencies in this state are taxable. The fact of their being received in the state implies an agency and brings the premiums so received within the taxing statute.

Some argument has been offered as to the tender or depositing

Franklin County.

of checks in the mails here to be forwarded. But as we read the petition, that question is not involved. The averment that the premiums were paid by depositing, and so forth, implies the deposit of legal tender. In the common pleas court much, if not controlling, force was accorded by the learned judge to the allegation that the superintendent of insurance demanded of the insurance company a supplementary report of the premiums remitted to it through the mails by Ohio policy holders, and not through any agent of the state, and that such report was accordingly made and forms the basis upon which the tax was laid.

This suggestion is not without weight, but we are of opinion that the superintendent of insurance is not bound by the report in this respect. He is required to examine the report, pass upon its correctness and charge the taxes upon the amount of the return, and he may, we think, reject the statement as to the manner of payment.

The report was requested undoubtedly by the superintendent of insurance in that form to designate the premiums forwarded by mail in contradistinction to those collected by duly constituted and licensed agents, and to enable him to arrive at the amount of premiums upon which he claimed the right to assess taxes. Now, having the report showing the amount of premiums transmitted by mail, the superintendent of insurance may, upon being satisfied that such premiums were actually received in this state, go beyond the mere admission of the report as to the manner of receipt, and charge the taxes. In the amended petition an allegation is distinctly made that the premiums so reported and upon which the taxes are charged were in fact paid in this state by being deposited in the mails at the request of the insurance company.

We are of the opinion that the state may properly allege and prove the fact as to the place and manner of payment, notwithstanding the form of demand of the superintendent of insurance and the report of the company.

The judgment of the common pleas is, therefore, reversed, and cause remanded with instructions to overrule the demurrer.

**Sullivan** and **Dustin, JJ.,** concur.